**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MELVIN WILLIAMS,

    Plaintiff,

v.                                                    Case No. 3:22-cv-155-TJC-JBT

WASTE PRO OF FLORIDA, INC.,

    Defendant.

## **O R D E R**

This Fair Labor Standards Act case is before the Court on Plaintiff Melvin Williams' Unopposed Motion to Award Attorney's Fees (Doc. 32). On June 6, 2022, Williams informed the Court that the parties had agreed to settle his FLSA claims against Defendant Waste Pro of Florida, Inc. (Doc. 24). On August 17, 2022, United States Magistrate Judge Joel B. Toomey recommended that the Court approve the settlement agreement and enter final judgment in favor of Williams against Waste Pro. (Doc. 29). On September 6, 2022, the Court adopted the report and recommendation, approved the settlement agreement, and the Clerk entered final judgment in favor of Williams against Waste Pro on September 7, 2022. (Docs. 30, 31). Williams now moves the Court to determine whether he is entitled to an award of attorney fees and costs against Waste Pro pursuant to 29 U.S.C. § 216(b) and Local Rule 7.01.

Local Rule 7.01's bifurcated attorney's fees procedure requires parties to first demonstrate an entitlement to attorney's fees before filing a supplemental motion on amount. Local Rule 7.01(a), (b). "Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs." Laney v. BBB Logistics, Inc., 844 F. App'x 203, 207 (11th Cir. 2021)[1] (quoting Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985)). A party prevails when he obtains either a judgment on the merits or a consent decree. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Hum. Res., 532 U.S. 598, 605 (2011); Cf. Jones v. Waste Pro USA, Inc., No. 6:22-cv-503-GAP-DCI, 2022 WL 4348584, at *1 (M.D. Fla. Aug. 30, 2022), report and recommendation adopted, 2022 WL 4305923 (M.D. Fla. Sept. 19, 2022) (discussing how plaintiffs prevail when accepting settlements through offers of judgment). Here, the Court approved the parties' settlement agreement and entered final judgment in favor of Williams against Waste Pro, and Waste Pro does not contest Williams' entitlement to attorney's fees. (Docs. 30, 32).

Accordingly, it is hereby

---

[1] The Court does not rely on unpublished opinions as binding precedent, however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

**ORDERED:**

1) Plaintiff's Unopposed Motion for Attorney Fees (Doc. 32) is **GRANTED**. Plaintiff is entitled to attorney's fees as the prevailing party.

2) Plaintiff shall file his supplemental motion on the amount of attorney's fees, consistent with Local Rule 7.01(c), no later than **October 17, 2022**.

3) Defendant shall file any response no later than **October 31, 2022**.

**DONE AND ORDERED** in Jacksonville, Florida the 3rd day of October, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

rmv
Copies to:

Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of record